*Jno. E. Cooper, for appellant.*

*P. W. Hardin, for appellee.*

---

## JOHN BENNINGFIELD v. MARY LUCHETT.

**Description of Land in a Deed.**
> Where a conveyance is made of so much of a tract of land as is bounded on one side by a highway and on the other by a branch, it means to the center of the branch and can not be construed to embrace land on the opposite side of such branch.

**Title by Use.**
> One can not acquire title to a spring from the mere use of it by permission of the owner.

### APPEAL FROM MARION CIRCUIT COURT.

September 17, 1885.

OPINION BY JUDGE LEWIS:

If the one-quarter of an acre of land given and conveyed by Hickey to the trustees of the school district in 1869 is bounded by the branch mentioned in the pleadings and evidence, it necessarily follows that the spring in controversy which is on the opposite side of the branch is outside that boundary and within the boundary of

37

appellees to whom Hickey conveyed the residue of the tract of which the school land was once a part.

The deed to the trustees seems never to have been recorded, and is said to be lost. But Hickey, who had the best means of knowing the boundary of land he gave to the trustees, and seems to clearly recollect where it is, states positively and unequivocally that the land he conveyed is bounded on one side by the county road, and on the other by the branch, and is extended far enough along these two lines to make the one-fourth acre. He states further that at the time he gave the land to the trustees, the spring in controversy, which is under a bluff on the opposite side of the branch, had never been used or discovered.

If this be true, and no witness testifies to the contrary, there could, when he made the deed, have been no reason or propriety in running the line on top of the bluff on the opposite side of the branch, instead of running it with the branch. But the jury in their verdict, in our opinion, correctly has determined the question of title and boundary under proper instructions by the court. We are unable to perceive any valid objection to the instruction complained of. For the proposition is clear that the trustees did not acquire title to the spring in question from the mere use of it by Hickey's permission. Nor can we see how appellants were prejudiced by the action of the court in limiting the argument to the jury to five minutes. The evidence shows that the appellants, fifteen or twenty in number, forcibly and without right entered upon the premises of appellees and overrunning and insulting them, destroyed their spring-house and carried the material of which it was built away. Nevertheless the jury found a verdict of only five dollars. We do not feel authorized to disturb the judgment and affirm it.

Judgment *affirmed*.

*Hill & Rives, for appellant.*

*Rountree & Lisle, for appellee.*